COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


MELISSA YOUNG

                                        MEMORANDUM OPINION*
v.    Record No. 1435-00-2                 PER CURIAM
                                          MAY 29, 2001
MARSHALL FORREST, JR.


               FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        William R. Shelton, Judge

            (Roy J. Baldwin, on brief), for appellant.

            No brief for appellee.


     Melissa Young (mother) appeals the decision of the circuit

court transferring physical custody of her daughter, Brittney

Blanks, to Brittney's natural father, Marshall Forrest, Jr.

(father).  On appeal, mother contends that the circuit court erred

in (1) transferring custody of Brittney to father, and (2)

speaking with Brittney in camera without preserving a record of

the interview.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

Brittney was born July 21, 1989.  Mother and father never married.  Mother was Brittney's primary custodial parent pursuant to a March 5, 1992 custody order, and father had visitation rights.  After mother moved to Alaska with her husband and Brittney, father petitioned the juvenile and domestic relations district court for custody of Brittney on October 27, 1999.  The district court awarded father custody, and mother appealed to circuit court.

At the circuit court hearing, both parties requested that the trial judge speak with Brittney in camera.  After considering the evidence, including testimony, depositions, and the in camera interview with Brittney, the court awarded father physical custody of Brittney.

## Analysis

### I.

> In custody disputes the welfare of the children is of primary and paramount importance.  Durrette v. Durrette, 223 Va. 328, 331, 288 S.E.2d 432, 433 (1982).  In determining the best interests of the children, a court must consider all the evidence and facts before it.  Brown v. Brown, 218 Va. 196, 199, 237 S.E.2d 89, 91 (1977).  The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to

-

> support it.  Carter v. Carter, 223 Va. 505,
> 508-09, 291 S.E.2d 218, 220 (1982).

Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651

(1986).

> In determining the best interests of the
> child, a court must consider all of the
> factors set out in Code § 20-124.3.  Sargent
> v. Sargent, 20 Va. App. 694, 701, 460 S.E.2d
> 596, 599 (1995).  It is well established
> that failure to consider all of the factors
> is reversible error.  See, e.g., Robinson v.
> Robinson, 5 Va. App. 222, 227, 361 S.E.2d
> 356, 358 (1987).  A trial court need not,
> however, "'quantify or elaborate exactly
> what weight or consideration it has given to
> each of the statutory factors.'"  Sargent,
> 20 Va. App. at 702, 460 S.E.2d at 599
> (quoting Woolley v. Woolley, 3 Va. App. 337,
> 345, 349 S.E.2d 442, 426 (1986)).

Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571

(1998).

The trial court stated that it "consider[ed] the arguments

of counsel, the depositions, the evidence presented ore tenus

and the applicable law."  The court heard testimony from

father's neighbor, Dawn Wilhelm, who noted that Brittney often

arrived for her visits looking unkempt and unclean.  Wilhelm

also noted that she observed Brittney eat her meals ravenously,

and wondered whether she was undernourished at her mother's

house.  Father testified that he was unaware of mother's plan to

move to Alaska.  The evidence demonstrated that father has been

involved in Brittney's life.  The trial court's decision is

supported by the evidence and is not plainly wrong.

-

II.

Mother argues that the trial court erred in speaking with Brittney in camera without preserving a record of the interview. Mother requested the in camera interview and did not object at the hearing. This Court will not consider an argument on appeal that was not presented to the trial court. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.