COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


FRANCIS D. JARVIS

                                          MEMORANDUM OPINION* BY
v.        Record No. 2473-05-3              JUDGE ROBERT P. FRANK
                                              JULY 25, 2006
NICOLE L. JARVIS


              FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                        Thomas H. Wood, Judge

            S. Braxton Puryear for appellant.

            No brief or argument for appellee.

            C. Lynn Lawson (Franklin, Denney, Ward & Lawson, PLC, on
            brief), Guardian *ad litem* for the minor children.


        Francis D. Jarvis, father, appeals the decision of the trial court awarding joint legal custody

to father and mother, Nicole L. Jarvis, but awarding primary physical custody to mother.  On

appeal, father noted seven questions presented, essentially contesting the sufficiency of the

evidence.  Additionally, he maintains the trial court erred by not articulating the basis of its decision

as required by Code § 20-124.3, and by assessing the costs of the guardian *ad litem* solely against

him.  For the reasons stated, we affirm the judgment of the trial court.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

PROCEDURAL BACKGROUND[1]

Mother had sole custody of the five children born of the marriage by order of the Augusta

County Juvenile and Domestic Relations District Court entered on March 18, 2003. A sixth child

was born to the parties on May 14, 2003. Father filed a motion to amend on October 17, 2003,

requesting a change in custody. By order of December 16, 2003, the parties were awarded joint

legal and physical custody for a three-month trial period. The juvenile and domestic relations

district court entered final orders on March 16, 2004 retaining joint legal custody with both parents

but awarding primary physical custody to the mother. Father appealed these orders. On September

2, 2004, the trial court, after hearing evidence, was unwilling to determine custody based on the

evidence before the court, and referred the cases to the Department of Social Services (DSS) for an

investigation. The court also appointed a guardian *ad litem* for the children.

The court held another evidentiary hearing on June 8, 2005, and the trial court gave legal

custody to both parents and primary physical custody to the mother. No court reporter was present

at either the September 2, 2004 or the June 8, 2005 hearings.

On September 8, 2005, the court conducted a final hearing to address father's objection to

the proposed final order, *inter alia*, that the trial court failed to consider the statutory factors of Code

§ 20-124.3 and its failure to "articulate its decision in light of those factors."

The trial court found that father did not want custody of the three older children and that "all

[father] cared about was money." The trial court found that mother raised the children and was the

primary caretaker. Also, mother, unlike father, had a relationship with all of the children. The trial

court emphasized he would not split the children by awarding custody of some children to mother

---

[1] We note father's recitation of facts is based on a statement of facts in lieu of a transcript that was rejected by the trial court. The facts set forth in this opinion are based on the statement of facts entered by the trial court on November 21, 2005 and the guardian *ad litem's* written exceptions to father's statement.

and some to father. The trial court further concluded father had not met his burden of proof, i.e., that a change in custody was in the children's best interest, finding father "didn't care about these children . . . ."

The trial court entered final orders on September 8, 2005. This appeal follows.

ANALYSIS

I. Best Interests

Father essentially challenges the sufficiency of the evidence. He argues the trial court failed to consider the statutory factors set forth in Code § 20-124.3 and failed to articulate the basis of the custody award.

> "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Id. at 328, 387 S.E.2d at 795 (citing Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986)). "A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Id. (citations omitted). In the determination of a change of [custody], the trial court "must apply a two-pronged test: (1) whether there has been a change in circumstances since the most recent [visitation] award, and (2) whether a change in [visitation] would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citation omitted).

Goldhamer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000).

Also, there is a presumption on appeal that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004).

- 3 -

On appeal, we view the evidence in the light most favorable to mother, the party prevailing below. Petry v. Petry, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003). Thus, we will "discard the evidence of [the father] which conflicts, either directly or inferentially, with the evidence presented by [the mother]." Id. at 786, 589 S.E.2d at 460.

We first address father's argument that the trial court failed to consider the statutory factors as required by Code § 20-124.3. In determining the best interest of a child, the court must consider all of the factors set out in Code § 20-124.3. Sargent v. Sargent, 20 Va. App. 694, 701, 460 S.E.2d 596, 599 (1995). It is well established that failure to consider all of the factors is reversible error. See Robinson v. Robinson, 5 Va. App. 222, 227, 361 S.E.2d 356, 358 (1987). A trial court need not, however, "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent, 20 Va. App. at 702, 460 S.E.2d at 599 (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

It is clear from the record that the trial court did consider all of the statutory factors. At the outset, the trial court acknowledged in its August 8, 2005 correspondence that the court must consider the best interests of the children and all the statutory requirements of Code § 20-124.3. In the written statement of facts, the trial court considered that mother had been primary caretaker of the children. The guardian *ad litem* reported all of the school age children "have excelled academically with the exception of ["J"]." Other than "J," "the children also interact well with others and are generally happy and healthy . . . ."[2] The guardian *ad litem* recommended sole physical custody to mother. The children indicated they wanted to live with their mother.

The trial court commented that it would not split the children between father and mother, father indicating he only wanted custody of the three youngest children. A family therapist,

---

[2] "J" takes medication for "major depression," is angry, and is in therapy.

- 4 -

Robert Tucker, testified the children were very close to each other. Mr. Tucker related that father had sent threatening e-mails to him and that "J" was at the most risk for long-term problems from this situation and that the other children are like "rubber balls." Tucker indicated the children feel safe with mother, although they are not afraid of the father.

The trial court further reviewed the DSS and CASA reports which were filed with the court. DSS reported mother keeps a "dirty house" yet the children were observed to be "clean and their hygiene was appropriate." The worker noted the parents "severely dislike each other." The worker further indicated he had difficulty getting father to discuss anything other than financial matters.

The court's statement of facts pursuant to Rule 5A:8(c) states:

> Court stated that it agreed with [the guardian *ad litem*] that it did not believe [father] would ever intentionally hurt the children. The court also observed that it was concerned about his temper and referenced the emails to virtually every agency that's ever been involved in this case, the comments that he had handwritten on the exhibits he filed and the many Protective Orders and violations thereof. The Court further observed that it was significant that [father] had never asked this Court to give him primary physical custody of all six children. In September of 2004, he asked for shared custody on a 50/50 basis. In June of 2005, he asked for physical custody of the three youngest children. The Court stated that the children were close, that the relationships and bonds formed at this time would benefit them for the rest of their lives, and the Court would not split them.
>
> The Court further observed that based on the evidence, it had come to the opinion that [father's] primary issue in this case was one of money, that he was obsessed with money and that the only reason he had pursued this matter was to reduce his support obligation.
>
> Lastly, the Court pointed out that [mother] had always been the caregiver for these children, that [father] had been out of their lives for four years while pursuing his career as a nurse/medic and that

the children were comfortable with their mother and were doing well.[3]

Further, the court indicated father had a serious problem as shown by his "propensity" to send threatening e-mails and letters to DSS and CASA workers involved in this case. The court took note that the older children do not wish to reside with father and that father's relationship with "J" and "M" is particularly strained.[4]

## II.  Basis of Decision

Father next contends the trial court did not communicate the basis of the decision. We disagree.

> Code § 20-124.3 requires the trial court to identify the fundamental predominating reason or reasons underlying its decision. This level of specificity does not require the chancellor to address all aspects of the decisionmaking process, as one would expect from comprehensive findings of fact and conclusions of law.

Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003) (citing Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (citation omitted)). While communicating the "basis" of the decision does not rise to the level of providing comprehensive findings of fact and conclusions of law, it does mean that the trial court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered. "[T]he trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating

---

[3] Father asks this Court to consider his statement of facts, which was rejected by the trial court. Father filed no objections to the trial court's statement of facts as required by Rule 5A:8(d). Thus, we will not consider his statement. Our review is limited to the statement of facts prepared by the trial court.

[4] Although the court below noted in its opinion letter that it did not discuss age and physical and mental condition of the parties, we find that the court considered these factors. The court acknowledged husband's temper and angry e-mails, and recognized that husband declined family counseling.

reason or reasons for the decision." Id. at 373, 585 S.E.2d at 353. The statute requires "an express communication to the parties of the basis for the decision." Id. at 374, 585 S.E.2d at 354.

Here, the trial court went to great lengths to provide a case specific explanation of its custody determination. It even held an additional hearing to do so. It noted mother was the primary caregiver, that the father did not want custody of all the children and the trial court did not want to split the children between the parents, that father was more interested in money than in the children, that the children were comfortable with mother and were doing well, and that father had not been involved in the children's lives while pursuing his medical training. This explanation amply complied with the requirements of Code § 20-124.3.

### III. Other Testimony

Father claims the trial court disregarded the testimony of the children's teachers as to the child's school performance, the testimony of DSS workers as to the condition of mother's home, the order and discipline present in father's home, the testimony of CASA workers as to mother's lack of cooperation, and the evidence that mother endeavored to adversely affect father's relationship with the children. We disagree.

The record clearly indicates the trial court did consider this testimony. The teachers testified the children (with the exception of "J") did well in school and were clean and well-behaved. While the DSS worker testified mother's house was dirty, that condition was not severe enough to remove the children. The trial court discounted the CASA worker's reports because of the worker's inexperience. It is further clear from the evidence that because of the parents' bitterness toward each other, neither encouraged the children to positively view the other parent.

The trial court is not obligated to accept father's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony in total, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Here, the trial court did not err in considering all of the evidence and giving exclusive physical custody to mother.

### IV.  Guardian *ad litem* Fees

Father next contends the trial court erred in assessing the entire guardian *ad litem* fees against him and not requiring mother to pay half the award. He does not contest the reasonableness of the amount.

The decision to apportion guardian fees between both parties or to one party is a matter within the chancellor's discretion. Kane, 41 Va. App. at 375, 585 S.E.2d at 354. See also Infant C. v. Boy Scouts of America, 239 Va. 572, 584, 391 S.E.2d 322, 329 (1990) (noting that a chancellor "may" allocate guardian fees "based upon the final result"); Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993) ("Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties."). "Because each case presents its own unique set of equities, principles of appellate review steer clear of inflexible rules and focus instead on 'reasonableness under all the circumstances.'" Kane, 41 Va. App. at 375, 585 S.E.2d at 354 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)).

The trial court did not abuse its discretion in assessing the entire guardian *ad litem* fees against father.  Here, mother prevailed.  The evidence further reveals father had substantially greater income and assets.  Mother has modest financial resources.

CONCLUSION

For the reasons stated, we find that the trial court properly considered all the relevant factors of Code § 20-124.3, properly articulated its findings as required by statute, and properly assessed the costs of the guardian *ad litem* to father.  Upon the filing of a motion and affidavit for attorney's fees and costs incurred on appeal by the guardian *ad litem*, and the entry of an order by the Court awarding such fees and costs, the trial court shall assess the recovery of the guardian *ad litem* fees and costs against the appellant.

Affirmed.