COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


TINA WILSON, F/K/A
  TINA M. EPLEY
                                                        MEMORANDUM OPINION[*] BY
v.       Record No. 0427-07-2                           JUDGE SAM W. COLEMAN III
                                                             DECEMBER 18, 2007
JAMES O. EPLEY


             FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                          Ernest P. Gates, Judge Designate

            Erica Burns (Richard L. Ducote; Shannon D. Lemm; Richard Ducote
            & Associates, PLC; Joseph W. Hood, Jr. PC, on brief), for appellant.

            W. Todd Watson (Hargett & Watson, PLC, on brief), for appellee.


        Tina Wilson, mother, appeals from the trial court's decree modifying child custody and

visitation.  On appeal, mother contends the trial court abused its discretion in awarding James O.

Epley, father, sole legal and physical custody of their minor child.  Mother also argues the trial court

improperly considered certain evidence.  Both parties request an award of attorney's fees and costs.

We affirm the judgment of the trial court and grant father's request for appellate attorney's fees and

costs.

                                         Background

        The parties were divorced in 2003.  The final divorce decree awarded the parties joint legal

custody of their then six-year-old daughter, with mother having primary physical custody.  In

January 2005, both parties requested a modification of the custody award.  By order entered on July

22, 2005, the juvenile and domestic relations district court granted father sole legal and physical

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

custody of their daughter and awarded mother supervised visitation.  Mother appealed the decision to the trial court.

The trial court held hearings in the matter on May 5, 2006, June 22, 2006, November 15, 2006, and January 18, 2007.  The court heard testimony from numerous psychological experts, the child's teachers, lay witnesses, social workers, and the parents.  Much of the evidence presented addressed allegations that father had sexually and physically abused the child.  A senior social worker with Child Protective Services (CPS) who investigated the allegations of physical and sexual abuse concluded that she believed the allegations to be unfounded.  She testified that two therapists who had counseled the child also did not believe the child was being truthful about the abuse allegations and in their opinion the child was being coached.

At the conclusion of the January 18, 2007 hearing, the trial court found that mother's repeated but unfounded allegations of abuse by father, mother's hostile feelings toward father, the problems caused by mother associated with visitation, and the stress in the familial relationship created by mother were material changes in circumstances and those changes had been detrimental to the child.

In determining the custody/visitation arrangement that would serve the best interest of the child, the court indicated it had considered all the factors of Code § 20-124.3.  The court found that when the child was either in father's custody or was in foster care, the child's aggressive nature and behaviorial problems improved, however, when she was with mother or when mother had unsupervised visitation with the child, the aggressive behavior returned.  The court further found that the child's developmental needs were being met in her present school system, the child thrives when she is not in mother's custody, and father can more actively assess and meet the child's emotional, intellectual, and physical needs.  The trial judge noted that both parents love the child, but they have been unable to cooperate with custody arrangements.  In addition, the trial court found

that mother did not actively support the child's contact and relationship with father, but, on the other hand, father will encourage and support the relationship between the child and mother. Considering the needs of the child and the relationship between the parents, the court awarded father sole legal and physical custody of the child, with mother having visitation. Mother appealed the trial court's decision to this Court.

Analysis

Mother raises two issues on appeal: (1) whether the trial court improperly considered certain evidence or failed to properly consider other evidence, and (2) whether the evidence was sufficient to support the custody and visitation awards.

> "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Id. at 328, 387 S.E.2d at 795 (citing Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986)). "A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Id. (citations omitted).

Goldhamer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000).

On appeal the trial court is presumed to have thoroughly weighed all the evidence, considered all of the statutory requirements, and made its determination based on the child's best interests. Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004).

Evidentiary Issues

We first address mother's arguments that the trial court failed to consider the "family abuse factor" of Code § 20-124.3(9) and improperly considered evidence that the child's behavior improved when she was not in mother's custody.

- 3 -

In determining the best interests of a child, the court must consider all of the factors set forth in Code § 20-124.3, Sargent v. Sargent, 20 Va. App. 694, 701, 460 S.E.2d 596, 599 (1995), and the failure to consider *all* of the factors is reversible error. See Robinson v. Robinson, 5 Va. App. 222, 227, 361 S.E.2d 356, 358 (1987). However, a trial court need not "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent, 20 Va. App. at 702, 460 S.E.2d at 599 (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). The trial court's findings, however, must have some foundation based on the evidence in the record, and if the trial court's findings lack evidentiary support, its determination of child custody is an abuse of discretion. Cf. Trivett v. Trivett, 7 Va. App. 148, 153-54, 371 S.E.2d 560, 563 (1988).

Here, the trial judge heard extensive evidence at four separate hearings extending over a nine-month period dealing with evidence, both lay and expert, related to the allegations that father had sexually, physically, and emotionally abused the child. Certain evidence called into question whether father even had exercised visitation with the child during the time period when some of the abuse allegedly took place. Numerous expert witnesses, social workers, and lay witnesses testified for each party. The social worker who investigated the sexual and physical abuse allegations for CPS concluded the allegations were unfounded. Several other expert witnesses questioned the truthfulness and the validity of the allegations. The trial judge specifically found: "I do not find from the evidence that the father physically and sexually abused [the child]. I have determined that this allegation is unfounded." Thus, the trial court considered the evidence related to Code § 20-124.3(9), and considered the credibility of the witnesses and the weight that should be accorded their testimony and opinions and found the evidence failed to prove the child suffered from any abuse by father. The factual finding was within the trial court's purview as trier of fact. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to

- 4 -

be given to [a witness'] testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). These principles for resolving factual disputes apply to the testimony of both lay and expert witnesses. Id. at 387-89, 488 S.E.2d at 668-69.

Similarly, abundant evidence was presented at the four hearings from which the trial judge could conclude that the child's behavior improved when she was in father's custody or when she was in a foster home. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### Sufficiency of the Evidence

Mother challenges the sufficiency of the evidence to support the finding that the best interest of the child would be served by awarding sole legal and physical custody of the daughter to the father. On appeal, in performing a sufficiency review we view the evidence in the light most favorable to father, the party prevailing in the trial court. Petry v. Petry, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003). Thus, we will "discard the evidence of [mother] which conflicts, either directly or inferentially, with the evidence presented by [father]." Id. at 786, 589 S.E.2d at 460.

A party seeking to modify an existing custody order bears the burden of proving that a material change in circumstances has occurred since the last custody determination and that the circumstances warrant a change of custody to promote the child's best interests. See Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

Here the evidence was sufficient to support the trial court's finding that a material change of circumstances occurred since the most recent custody award. The record demonstrates that the trial court carefully and thoroughly considered and weighed the evidence presented at the four hearings. The trial judge went to great lengths to provide a case specific explanation of its custody determination. The judge cited mother's repeated abuse allegations that were determined by CPS and by the trial judge to be unfounded, the problems and stress experienced by the child after visitation with the mother, the positive change in the child's behavior when she was in father's custody as compared to misbehavior after visiting with mother, and mother's ill will and hostile attitude toward father as material changes in circumstances that convinced the trial court that the best interest of the child would be served by an award of custody to father. The father, the child's teachers, and a foster parent testified that the child's behavioral problems diminished when she was in father's custody. This evidence supported the trial court's findings that father met the developmental needs of the child, that he could assess and meet her emotional, intellectual, and physical needs, and that he would support the child's relationship with mother. The trial judge saw the witnesses, he heard their testimony, he had closely observed the custody/visitation situation for several months while the case was pending before him, and he had the opportunity to determine the credibility of the witnesses and parties and the weight to be accorded their testimony. The trial judge specifically noted he had considered all the requirements of Code § 20-124.3 related to a best interests of the child analysis. The trial court's decision is entitled to respect and affirmation and will be "'reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795). See also Brooks v. Rogers, 18 Va. App. 585, 587, 445 S.E.2d 725, 726 (1994).

Mother has not demonstrated that the trial court abused its discretion in its decision, and we cannot say that the custody decision of the trial court was plainly wrong or without evidence to support it. Accordingly, sufficient evidence supports the trial court's finding that a change in custody to the father was in the best interests of the child.

### Attorney's Fees

Both father and mother request costs and attorney's fees for expenditures relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because this appeal lacks merit, we grant father's request for reasonable appellate attorney's fees and costs. See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005). Accordingly, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs. Id.

For these reasons, we affirm the judgment of the trial court, grant father's request for attorney's fees and costs, and remand for determination of those fees and costs.

Affirmed and remanded.