COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

GARY SARGENT

v.       Record No. 1981-94-4          OPINION BY
                                   JUDGE JOHANNA L. FITZPATRICK
PATRICIA VAUGHT SARGENT              AUGUST 22, 1995

         FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                   James L. Berry, Judge

     Peter W. Buchbauer (Douglas M. Swift, Jr.; James J.
     McGuire; Swift & Buchbauer, P.C., on briefs), for
     appellant.

     Mark A. Vann (Thomas J. Chasler; Chasler, Adrian and
     Bowman, P.L.C., on brief), for appellee.


     Gary Sargent (husband) appeals the trial court's decisions

on custody, support, and grounds of divorce.  He contends that

the trial court erred in:  (1) failing to give adequate

consideration to the desire of the parties' son, Matthew, to live

with his father and awarding custody of Matthew to Patricia

Vaught Sargent (wife); (2) failing to impute income to wife in

determining child and spousal support; (3) refusing to include an

earned income tax credit and pendente lite spousal support in

wife's income for purposes of computing child and spousal

support; (4) awarding wife a divorce based on separation for more

than one year; and (5) failing to consider wife's desertion when

awarding spousal support.  Finding no error, we affirm the trial

court on all issues.

                        **BACKGROUND**

     The parties were married on March 6, 1976.  They had two

children, Dustin, born August 16, 1981, and Matthew, born May 16, 1985.  On July 9, 1993, wife filed for divorce on the ground of cruelty, and on July 12, 1993, she left the marital home. Husband filed for divorce on the ground of desertion on July 26, 1993.[1]

On July 27, 1993, the court appointed a guardian ad litem for the two children in connection with the divorce proceeding. The guardian filed a report on August 2, 1993 in anticipation of the pendente lite hearing scheduled for August 4, 1993, recommending that Dustin remain with his father and Matthew remain with his mother.  In an August 11, 1993 pendente lite order, the court placed the children in the joint custody of the parties, with husband having primary care of Dustin and wife having primary care of Matthew.  The August 11, 1993 order also provided for payment of temporary spousal and child support by husband.

At a July 29, 1994 final hearing, several witnesses, including wife, testified that Matthew preferred to live with his father.  The guardian ad litem relied on her second, detailed report filed July 14, 1994, in which she stated:

> [Matt] expressed the wish that he live with his father, and the guardian is under the impression that Matt feels that if he lives with him he will have more time to play with his cousins (who live nearby) and Dustin.

*     *     *     *     *     *     *

---

[1]The record in this case was a written statement of facts pursuant to Rule 5A:8(c).

2

> Despite Matt's verbalized preference, the guardian recommends that Matt remain in the physical custody of Mrs. Sargent. The guardian feels that Matt is doing well in her custody now and that many of Matt's reasons about living in his father's house can be addressed by expanding visitation, particularly in the summer. In addition, it is troubling to the guardian that Dustin harbors much resentment towards his mother, and the guardian feels that there is a chance that Matt could also formulate similar resentment if he lived primarily with Dustin and his father.

Wife testified that Matthew received good grades, A's and B's, and that her work schedule allowed her to spend considerable time with Matthew after school. She also noted that Dustin's grades were not as good, and she felt this was because his father did not spend enough time with him after school. Matthew's classroom aide and wife's sister testified that Matthew and his mother had a good relationship and that wife was a good mother to Matthew.

The parties stipulated that husband's current salary was $4,025 per month and wife's current salary was $754.96 per month. The evidence established that, when the parties first married in 1976, wife was a factory worker and earned over $11,600 in 1980. Wife has a high school education. Husband also worked in a factory full-time and attended college at night, obtaining his degree in about eight years. In 1983, at husband's request, wife stayed home to care for Dustin and the household. Except for a brief return to factory work, wife was a homemaker until 1990, when she became a teacher's aide at Matthew's school. As a

3

teacher's aide, wife works 182 days per year, seven hours per day.  At the hearing, husband testified that he believed that wife could earn $22,000 if she returned to the full-time factory work that she performed in the early years of the marriage.  He also presented evidence showing that wife would be entitled to an earned income tax credit of $1434 if she had custody of Matthew. Wife testified that she felt it was in Matthew's best interests that she continue working as a teacher's aide and that a factory job would entail irregular hours and child care expenses.

In the divorce decree of July 29, 1994, the trial court: (1) awarded wife a divorce on the ground of separation for more than one year pursuant to Code § 20-91(9)(a); (2) allowed wife to retain physical custody of Matthew; (3) refused to impute additional income to wife when computing child and spousal support; and (4) awarded wife spousal support.  Husband appeals each of these findings.

### CUSTODY OF MATTHEW

Husband argues that the trial court erred in failing to consider adequately Matthew's preference to live with him.  See Code § 20-124.3(7).  We disagree.

Code § 20-124.2(B) requires that, "[i]n determining custody, the court shall give primary consideration to the best interests of the child."  The court must consider the factors in Code § 20-124.3 in deciding what custody arrangement is in the child's best interests, including:
> 1. The age and physical and mental

4

condition of the child, giving due consideration to the child's changing developmental needs;

2. The age and physical and mental condition of each parent;

3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child; 4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;

5. The role which each parent has played and will play in the future, in the upbringing and care of the child;

6. The propensity of each parent to actively support the child's contact and relationship with the other parent, the relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in matters affecting the child;

7. The <u>reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference</u>;

8. Any history of family abuse as that term is defined in § 16.1-228; and

9. Such other factors as the court deems necessary and proper to the determination.

(Emphasis added). Although a child's preference "should be considered and given appropriate weight," it does not control the custody determination and is just one factor to be considered.

5

<u>Bailes v. Sours</u>, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986).  As long as the trial court examines the factors, it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."  <u>Woolley v. Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

In the divorce decree, the trial court stated:  "[T]he Court has considered the factors set out in Section 20-124.3 of the Code of Virginia . . . . [Wife] has prevailed on Factors 3, 5 and 6.  The Court is of the opinion that Matthew is not of sufficient age to express a preference."  The court was presented with uncontroverted evidence from several sources that Matthew, who was nine at the time of the hearing, preferred to live with his father.  The guardian <u>ad litem</u> recommended that Matthew remain in the physical custody of his mother after personally meeting with him on several occasions and determining his wish that he live with his father so that he could play with his brother and cousins more frequently.  The trial court was fully apprised of the child's wishes but specifically found that Matthew was not of sufficient age to decide with whom he should live and that other factors favored the mother retaining custody.  The record proved that Matthew was nine years of age.  Moreover, the record contains evidence from which the trial judge could have concluded that factors 3, 5, and 6 outweighed other considerations.  Matthew's preference to live with his father was but one consideration for the trial judge and did not control the

6

determination of which placement would be in Matthew's best interests. We hold that the trial court properly considered the statutory factors and awarded custody of Matthew to wife.

**SUPPORT**

**(1) IMPUTATION OF INCOME**

Husband next argues that the trial court erred in refusing to impute income to wife when determining both child and spousal support. The trial court awarded wife child support based on the child support guidelines of Code § 20-108.2 and refused to impute additional income to wife in calculating the amount. The court also awarded wife spousal support after it considered all of the factors listed in Code § 20-107.1. We recognize that decisions concerning both child and spousal "support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

A trial court may impute income to the spouse receiving child or spousal support under appropriate circumstances. See Code § 20-108.1(B)(3) (child support); Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990) (spousal support). In child support cases, Code § 20-108.1 provides a rebuttable presumption that the amount of child support indicated by the guidelines contained in Code § 20-108.2 is the correct support amount. See Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 212 (1993). A court must consider the factors in

7

Code § 20-108.1(B) in deciding whether to deviate from the presumptive amount. These factors include "[i]mputed income to a party who is voluntarily unemployed or under employed." Code § 20-108.1(B)(3). Any child support award must be based on circumstances existing at the time the award is made. <u>Payne v. Payne</u>, 5 Va. App. 359, 364, 363 S.E.2d 428, 431 (1987).

In determining spousal support, the trial court must consider the earning capacity of the parties. Code § 20-107.1(1).

> The party seeking spousal support must earn as much as he or she <u>reasonably can</u> to reduce the amount of the support needed, and may not choose a low-paying position that penalizes the other spouse. Under appropriate circumstances, a court may impute income to the party seeking spousal support.

<u>Konefal v. Konefal</u>, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994) (citation omitted) (emphasis added).

The record established that wife had a monthly shortfall of over $900 and showed her need for both spousal and child support. Husband had the ability to pay support. However, he argues that wife's job as a teacher's aide resulted in a voluntary cut in pay from the factory job that wife held when the parties were first married, and as such, wife was not utilizing her full earning capacity. Wife testified that a factory job, if available, would involve irregular hours and additional child care expenses. As a teacher's aide with hours similar to Matthew's school hours, she could spend time with Matthew after school and did not have to

8

pay for child care.

The only evidence of wife's potential earnings in a factory job was husband's opinion that she could earn $22,000. No evidence was presented about the availability of a factory position or the hours or shifts that would be required. Additionally, wife's most recent work experience during the past four years was as a teacher's aide. Imputation of income is within the trial judge's discretion and is just one factor to be considered in setting child and spousal support amounts. In this case, credible reasons supported the trial judge's decision that imputation of income was not appropriate, and no abuse of discretion occurred.

**(2) INCLUSION OF TAX CREDIT AND PENDENTE LITE SUPPORT**

Husband contends that, in calculating wife's income for support analysis, the trial court should have included: (1) an earned income tax credit of $1434, and (2) the spousal support under the preexisting pendente lite order.

Code § 20-108.2(C) provides the definition of "gross income" for purposes of the child support statute:

> For purposes of this section, "gross income" shall mean all income from all sources, and shall include, but not be limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits except as listed below, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, veterans' benefits, spousal support, rental income, gifts, prizes or awards. Gross income shall be subject to

9

deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business. "Gross income" shall not include benefits from public assistance programs as defined in § 63.1-87, federal supplemental security income benefits, or child support received. For purposes of this subsection, <u>spousal support included in gross income shall be limited to spousal support paid pursuant to a pre-existing order or written agreement</u> and spousal support shall be deducted from the gross income of the payor when paid pursuant to a pre-existing order or written agreement between the parties to the present proceeding.

(Emphasis added).

Husband argues that the trial court was required to include a $1434 earned income tax credit as income. We disagree. Potential tax benefits are not listed as part of gross income under Code § 20-108.2. Moreover, the trial court did not err in failing to accept husband's calculations of the potential value of the tax credit in wife's future income tax filings.

Husband's contention that wife's <u>pendente lite</u> spousal support award also must be used in computing future child support is without merit. Code § 20-103(A) provides for <u>pendente lite</u> support:

In suits for divorce, annulment and separate maintenance, and in proceedings arising under subdivision A 3 or L of § 16.1-241, the court having jurisdiction of the matter may, at any time pending a suit pursuant to this chapter, in the discretion of such court, make any order that may be proper (i) to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse . . . .

10

Thus, "[t]he legislature has provided a statutory scheme for the support of a spouse during the <u>pendency</u> of a suit and thereafter. The law provides for only two types of support, either <u>pendente lite</u> pursuant to Code § 20-103 or support due a former spouse pursuant to Code § 20-107.1." <u>Weizenbaum v. Weizenbaum</u>, 12 Va. App. 899, 903, 407 S.E.2d 37, 40 (1991) (emphasis added).

Husband argues that wife's spousal support under the <u>pendente lite</u> order is "spousal support paid pursuant to a pre-existing order" and must be included in income for child support calculation. Code § 20-108.2(C). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). The rational definition of "preexisting order" in the context of Code § 20-108.2(C) is an order that has continuing effect and that provides a spouse with an income source. A <u>pendente lite</u> support award, by its nature, ends when a spousal or child support order is entered under Code § 20-107.1 or Code § 20-108.2. If the trial court included the <u>pendente lite</u> support amount in wife's income for purposes of calculating a more permanent support arrangement, wife would in effect be charged with income that she no longer receives. Thus, we hold that the court correctly excluded the <u>pendente lite</u> award when determining the final child and spousal support amounts.

11

Lastly, husband asks that we reconsider the Supreme Court's decision in <u>Alls v. Alls</u>, 216 Va. 13, 216 S.E.2d 16 (1975),[2] and hold that the trial court erred in awarding wife a divorce on the ground of a one-year separation when she originally filed on cruelty grounds. This Court is bound by the holding in <u>Alls</u>. We hold that, assuming that the evidence was sufficient to support husband's allegation of desertion by wife, "the trial court was not compelled 'to give precedence to one proven ground of divorce over another.'" <u>Williams v. Williams</u>, 14 Va. App. 217, 220, 415 S.E.2d 252, 253-54 (1992) (quoting <u>Robertson v. Robertson</u>, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975)). "Where dual or multiple grounds for divorce exist, the trial judge can use . . . sound discretion to select the grounds upon which . . . to grant the divorce." <u>Lassen v. Lassen</u>, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). The evidence established that the parties had been living separate and apart for more than one year, and the trial court properly awarded wife a divorce on the ground of one-year separation based on the evidence presented. Husband's argument that the trial judge failed to consider wife's desertion in determining whether to award spousal support is without merit because the trial judge made no finding of desertion.

---

[2]In <u>Alls</u>, the Supreme Court of Virginia held that "one spouse is not guilty of legal desertion in separating from the other after the institution of a suit for divorce or during its pendency." 216 Va. at 14, 216 S.E.2d at 17.

Accordingly, the decision of the trial court is affirmed.

                                    <u>Affirmed</u>.