COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

GRAHAM N. SWORD

v.   Record No. 0753-96-1

SHARON ANN SWORD

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 17, 1996

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Alan E. Rosenblatt, Judge

(William F. Burnside, on brief), for
appellant.

(Edward J. Pontifex, Jr., on brief), for
appellee.


Graham N. Sword (father) appeals the decision of the circuit court awarding custody of the parties' youngest child to Sharon Ann Sword (mother).  Father raises four questions on appeal which may be summarized as whether there was sufficient evidence to prove that the child's best interests warranted the award of custody to mother.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  See Code § 20-124.3.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citations omitted).

> Although a child's preference "should be considered and given appropriate weight," it does not control the custody determination and is just one factor to be considered.  As long as the trial court examines the factors, it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."

Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (citations omitted).

The commissioner who conducted the ore tenus hearing also spoke in camera with the child.  The commissioner's report demonstrates that he considered the factors set out in Code § 20-124.3 before recommending the custody arrangement he found to be in the child's best interests.  Based upon the statutory factors and the evidence, the commissioner recommended a split custody arrangement, with father having legal and physical custody of the older son pursuant to the parties' agreement and mother retaining legal and physical custody of the younger son.

On appeal, father contends that the evidence demonstrates that the child's best interests would be better served by awarding him custody.  Father alleges that mother interfered with his visitation and telephone contact with the child.  He also contends that mother's romantic relationship created an immoral environment, and her relocations to be near her boyfriend

2

demonstrated a propensity to ignore the relationship between father and son.

However, the evidence indicated that mother had been actively involved in the child's life both before and after the parties' separation. Mother encouraged his involvement in Boy Scouts and participated in his schooling. While father alleged mother interfered with visitation, there was evidence that father failed to communicate his plans to mother and that the child was reluctant to visit with father. The commissioner found the child to be "of reasonable intelligence, understanding, age and experience" so as to be able to express a preference in his living arrangement. Mother testified that she and her boyfriend hoped to marry, although she admitted her romantic involvement was adulterous.

Evidence supports the decision of the trial court overruling father's objections and affirming the commissioner's recommendation. We will not overturn the decision, based upon evidence heard <u>ore</u> <u>tenus</u>, absent clear error or abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>