COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


OSCAR SPENCER FIELDS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2035-99-2          JUDGE RICHARD S. BRAY
                                         MAY 16, 2000
JEWELL BEVELL FIELDS


              FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                    F. Ward Harkrader, Jr., Judge

          William S. Smithers, Jr. (Thompson, Smithers,
          Newman, Wade & Childress, L.L.P., on brief),
          for appellant.

          Deanna D. Cook (Bremner, Janus, Cook &
          Marcus, on brief), for appellee.


     Oscar Spencer Fields (husband) appeals the decision of the

trial court denying his motion for a reduction in spousal support

previously awarded to his former wife, Jewell Bevell Fields

(wife).  He contends the trial court erroneously found the

evidence insufficient "to prove a material change in circumstances

that justifies a modification" of the earlier decree.  We disagree

and affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

The parties married in 1964 and were divorced by decree of the trial court entered on September 10, 1996. In pertinent part, the decree "affirmed, ratified and incorporated by reference" the related report of a commissioner in chancery, which recommended, inter alia, a substantial monetary award to wife, equal division of the former marital residence and an award of $4,200 per month spousal support to wife. The home was subsequently sold and, by agreement of the parties, husband's portion of the proceeds was credited to the monetary award due from him to wife.

In recommending spousal support to wife, the commissioner declined to impute income to her, explaining,

> based on all of the evidence, your Commissioner believes that it is improbable to expect [wife] to immediately become employed at the current time given her age [of 54], lack of skills and training and her having been out of the work force and employment arena for approximately 27 years.

However, the commissioner noted that she was "not unmindful . . . that the law imposes a duty upon [wife] to contribute to her own support and maintenance and the spousal support award recommended herein should not be interpreted as discouraging [wife] from seeking education, training, or employment within the reasonable future."

On March 15, 1999, husband filed the subject motion for reduction of spousal support, and the trial court conducted a related hearing on May 7, 1999. Evidence presented by husband

-

relevant to the instant appeal disclosed that wife had $234,000 on deposit to her account at Merrill Lynch, bearing interest at 4.41% and producing monthly income of $958. The principal sum was attributed to funds received by wife from the sale of the marital residence following entry of the final decree. Husband, therefore, posits that the related income was not contemplated in the prior support award to wife.

Wife counters that the residence was unsuccessfully marketed for "probably two and-a-half" years before the sale, at a price "much less" than the value reflected in the commissioner's report adopted by the court. Moreover, wife argues that the proceeds, one-half her share of the marital estate and one-half retained as a portion of the monetary award due from husband, were "considered by the . . . court before setting the initial support award."

With respect to imputation of income to wife, the hearing record reflects limited evidence pertinent to wife's unemployment and related considerations. Wife acknowledged that she has not "made any applications for a job" since the divorce, but noted that she did not have "any training" and had not been "offered any jobs." Husband testified simply that, "As far as I know, she's in good health."

Husband stipulated that he "has sufficient income and assets to pay the spousal support . . . previously ordered or as reduced by the court."

-

II.

"Upon petition of either party, the court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109(A). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."[1] Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The material change in circumstances must have occurred after the most recent judicial review of the award and 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (citations omitted). "The determination whether a spouse is entitled to [a reduction in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

Here, the evidence does not disclose that the interest income to wife from the Merrill Lynch account constitutes a

---

[1] We have oftentimes instructed that the two components necessary to a modification require independent determinations by the court. First, the evidence must prove a material change. If so, the court must then "assess whether the requested [modification], based on a material change in circumstances, is justified in light of the overall circumstances[.]" Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987); see also Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

-

material change in circumstances that justifies a modification.
In originally awarding spousal support to wife, the trial court
presumably complied with Code § 20-107.1(8) and, therefore,
considered those "provisions made with regard to the marital
property under § 20-107.3," equitable distribution.  Code
§ 20-107.1(8).  Such "provisions made" by the trial court "with
regard to the marital property" pursuant to Code § 20-107.3
included an order that the "marital residence be immediately
listed for sale," with the "net proceeds . . . equally divided
between the parties" and, additionally, a significant monetary
award to wife.  Hence, the court, in decreeing spousal support,
was aware of the substantial benefits to wife in equitable
distribution, with attendant benefits and burdens, including
income and alternate housing costs.  Thus, in considering
husband's motion, the court correctly declined to view the
realization of such eventualities as constituting a material
change in circumstances sufficient to justify the requested
modification.

We, likewise, find no merit in husband's claim that income
must be imputed to wife as a result of her continued
unemployment.  "Whether a person is voluntarily unemployed or
underemployed is a factual determination."  Blackburn v.
Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).  "In
evaluating a request to impute income, the trial court must
'consider the parties' earning capacity, financial resources,

-

education and training, ability to secure such education and training, and other factors relevant to the equities'" of the parties.  Id. (citation omitted).

The court determined in the original divorce proceedings that wife was not employable.  Wife has since pursued no training or education to equip her with marketable skills, and husband offered no evidence of available employment suitable to her present qualifications.  See generally Bennett v. Com., Virginia Dep't of Soc. Servs., 22 Va. App. 684, 693, 472 S.E.2d 668, 672 (1996) (trial court properly refused to impute income where "mother has not worked for over ten years and no evidence was introduced regarding the availability of jobs for her or the amount of income she could earn"); Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 600 (1995) (trial court properly refused to impute income where the only evidence that wife could earn a better paying job came from the husband and "[n]o evidence was presented about the availability of a . . . position").  Manifestly, such evidence evinces no changed circumstances.

Contrary to husband's assertion, the gratuitous comment of the commissioner in her report, suggesting that the recommended spousal award "should not . . . discourage[] [wife] from seeking education, training, or employment within the reasonable future," did not rise to an order of the court with the incorporation of the report into the decree.

-

The trial court, therefore, correctly ruled that husband "failed to prove a material change in circumstances that justifies a modification in the previous support award" and properly denied the motion.  Accordingly, we affirm the disputed order.

<u>Affirmed.</u>