UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Decker and Senior Judge Frank

ROSE IKPEME NKONG

v.     Record No. 1624-14-4

ISHONG NKONG

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 17, 2015

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Emma K. Bungard, on briefs), for appellant.

(Daniel L. Travostino; The Laurel Brigade Law Group, on brief), for appellee.


Rose Ikpeme Nkong (mother) appeals from an August 6, 2014 final decree awarding her a divorce *a vinculo matrimonii* from Ishong Nkong (father) and granting father legal and primary physical custody of the parties' two minor children. On appeal, mother contends the trial court erred (1) in its "determination that [father] provided a more stable environment for the children" and (2) by "finding that the best interests of the children were served by granting sole custody to" father.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that the parties married in August 2005 and separated in July 2012. Mother subsequently filed for divorce. They have two children. Both parties sought custody of the children but the children remained with mother until the trial court switched custody to father by order dated September 3, 2013, while mother underwent court-ordered psychological testing.

The trial court noted that although mother was the children's primary caretaker during the marriage, father became the primary caretaker upon gaining custody during the course of the divorce litigation. Mother was diagnosed with an adjustment disorder with mixed anxiety and depressed mood. Based upon the testimony of the therapist and third parties, the trial court concluded "the evidence supports a continuation of primary physical and legal custody with the father, as the father provides a more stable environment for the children." Father introduced evidence documenting mother's increasingly erratic behavior and its impact on the children. The circuit court reviewed the Code § 20-124.3 factors before awarding custody of the children to father.

After the trial, mother filed a motion to reconsider, alleging newly discovered evidence demonstrated it was not in the children's best interests for father to have primary custody. Specifically, mother alleged father was spending significant time with the children at the residence belonging to a woman mother describes as his "paramour." Mother employed a private detective to monitor father. The detective reported observing father driving the other woman's vehicle and seeing the vehicle parked at the woman's residence. The trial court denied mother's motion to reconsider. This appeal followed.

ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "The trial court's determination of the child's best interests 'is a matter of

- 2 -

discretion . . . , and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.'" Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (quoting Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d 319, 322 (1996)).

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. The record reflects that the circuit court reviewed the Code § 20-124.3 factors.

"We have interpreted [Code § 20-124.3] as 'requir[ing] the trial court to identify the fundamental, predominating reason or reasons underlying its decision.'" Artis v. Jones, 52 Va. App. 356, 363, 663 S.E.2d 521, 524 (2008) (quoting Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003)). This is precisely what the trial court did. It identified the "fundamental, predominating reason" for awarding father primary custody – that father provided a more stable environment for the children. Mother emphasizes that father moved twice during the course of the parties' separation and that he therefore has not provided a stable environment. However, the evidence indicated father initially moved into a basement apartment when the parties separated and then moved into a larger residence upon gaining custody of the children. Father has maintained steady employment and a strong connection with his church. Mother left her job before the parties separated and remains unemployed. The evidence indicated mother moved the children to three different day cares in a short period of time and continues to suffer from mental health issues which affect her ability to co-parent the children.

The trial court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995)). Our role on appeal is not to reweigh this evidence but to ensure that the trial court did not abuse its discretion. The record before us furnishes ample evidence to support the trial court's conclusion

that father provided a more stable environment for the children and that it was in the children's best interests for father to have primary custody. We hold that, on the evidence presented, the trial court did not abuse its discretion in awarding primary physical custody to father.

Accordingly, for the foregoing reasons, we summarily affirm the trial court's decision. See Rule 5A:27.

Affirmed.