COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

UNPUBLISHED

ELIZABETH A. FOSTER

MEMORANDUM OPINION[*]
v.      Record No. 1508-15-2                                PER CURIAM
                                                                        FEBRUARY 23, 2016
RANDY A. FOSTER

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Paul W. Cella, Judge

(Debra L. Mallory; Taliaferro & Mallory, LLP, on brief), for appellant.

No brief for appellee.

Elizabeth A. Foster (mother) appeals the custody ruling in a final decree of divorce. Mother argues that the trial court erred by (1) finding that the fourth factor in Code § 20-124.3 was "the most important factor, but failing to give due consideration 'to other important relationships of the child, including but not limited to siblings, peers, and extended family members;'" (2) failing to consider the history of family abuse committed by Randy A. Foster (father); (3) failing to consider father's "failure to actively support the children's contact and relationship with Mother, including the Father unreasonably denying the Mother access to and visitation with the children;" (4) failing to consider father's twelve-hour work days and his thirty-six-hour per month commitment to the local fire department; (5) "giving significant weight to an irrelevant factor, i.e. whether a parent resides in someone else's house, and finding it to be a negative factor against the Mother, but not against the Father;" (6) failing to consider "the nature and extent of the Mother's and the Father's respective support systems;" (7) "basing its decision on conclusions and opinions with no evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in the record to support them;" and (8) failing to consider father's "failure to supervise his youngest child, allowing the child to be exposed to a hazardous material."  Upon reviewing the record and the opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below."  D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citations omitted).

Mother and father married on July 9, 2009 and separated on March 16, 2013.  The parties have three minor children.

On April 26, 2013, mother filed a complaint for divorce.  Father filed an answer and cross-complaint.  On June 18, 2013, the trial court entered a *pendente lite* order and awarded joint legal custody to the parties and primary physical custody to the father.

On July 1, 2015, the parties appeared before the trial court for a final hearing.  The parties resolved most of their issues, but not custody and visitation.  After hearing the evidence and argument, the trial court awarded joint legal custody to the parties and primary physical custody to father.  The trial court noted that the children were doing well in school and had friends in Dinwiddie, where they lived with father.  It further emphasized that the children needed stability, which they would have in father's care.  Mother lived in a different locality, and the children would have to switch schools if they were to live with mother.  The trial court found it was in the children's best interests to remain in father's custody.

On September 16, 2015, the trial court entered the final decree of divorce and an addendum to the final decree of divorce.  This appeal followed.

ANALYSIS

Mother appeals the trial court's award of primary physical custody to father. "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "[T]here is a presumption on appeal that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." D'Ambrosio, 45 Va. App. at 335, 610 S.E.2d at 882 (citing Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004)). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

A court "shall consider" the following factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation:

> 1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;
>
> 2. The age and physical and mental condition of each parent;
>
> 3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
>
> 4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
>
> 5. The role that each parent has played and will play in the future, in the upbringing and care of the child;
>
> 6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;

7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child;

8. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;

9. Any history of family abuse as that term is defined in § 16.1-228 or sexual abuse. If the court finds such a history, the court may disregard the factors in subdivision 6; and

10. Such other factors as the court deems necessary and proper to the determination.

Mother challenges the trial court's ruling in light of several of the Code § 20-124.3 factors. When it issued its ruling, the trial court stated, "In terms of what is in the best interest of the children, I think the fourth factor, the needs of the children, is really the most important one because they're the ones this is all about." Mother argues that the trial court failed to consider that father did not promote the children's relationships with their extended family. There was evidence that father was estranged from his paternal side of the family. Mother testified that during her visitation time, she took the children to visit their paternal grandfather and other paternal relatives, as well as her extended family. She explained that her family and father's paternal family were available to help her with the children. The trial court considered the parties' relationship with their extended families and noted that father's "rupture with his father is unfortunate."

Mother also questions the trial court's finding that the children were doing well in school, but the parties testified about how well the children were doing. Mother herself testified that oldest child was doing "fairly well in school" and later that the children were doing "just fine." The youngest child was not in school. The oldest child was in first grade, and the middle child was in kindergarten.

- 4 -

In addition to her challenge to the fourth factor, mother argues that the trial court erred in its assessment of the ninth factor of Code § 20-124.3. She asserts that she presented evidence of father's temper and abuse. Mother relies on the fact that in November 2012, father was charged with assault and battery of their child, who was three years old at the time. The Dinwiddie County Juvenile and Domestic Relations District Court found that the facts were sufficient to find guilt but deferred adjudication to November 27, 2014, at which time the charges were dismissed. Mother also reiterates father's arguments with his father to illustrate father's anger. She also testified about an incident when the youngest child was not yet two years old, and he got diesel fuel on him at the fire station where father volunteered. Mother argued that father was not adequately supervising the child and exposed him to "hazardous" materials.

Mother also contends the trial court did not consider the sixth factor of Code § 20-124.3. Mother alleges that father did not allow her to speak with the children on a daily basis and denied some of her requests for additional visitation. Father testified that mother speaks with the children on the phone several times a week. He gave examples of how he has tried to work with mother in providing her additional visitation, but she would not work with him. The trial court disagreed with mother and said, "I don't necessarily look at it as Mr. Foster trying to be a bully or trying to see what the minimum is he can get away with. I look at it as being a lack of agreement on both sides with some fault on both sides."

Mother further asserts that the trial court erroneously considered the parties' work schedules. Both parties work shift work with rotating schedules.[1] Father testified that he previously worked day shift from 7:00 a.m. to 7:00 p.m. for two weeks, and then worked night shift from 7:00 p.m. to 7:00 a.m. for two weeks. However, as of July 1, 2015, he permanently

_____

[1] They work four days one week and three days the next week, and they are off every other weekend. Previously, wife was off when husband was at work, and husband was off when wife was at work.

works day shift. In addition, he volunteers with a local fire department for thirty-six hours per month. Meanwhile, mother works a permanent night shift from 6:00 p.m. to 6:00 a.m. The trial court held that it would not be in the children's best interests "to uproot them and move them somewhere else where the parent is working all night." The trial court found that father's new work schedule will be "a big improvement and be very helpful." Father's shift was now consistent and provided more stability.

In addition, mother contends the trial court erred by "giving significant weight to an irrelevant factor, i.e. whether a parent resides in someone else's house." The trial court considered both parents' living situations and said, "With Ms. Foster working this schedule where she works all day and all night and odd times living in someone else's house, I don't think that overall environment would be in the children's best interest." Mother testified that she lived with her aunt and uncle and their three boys. She explained that the parties' daughter has her own bedroom, and their two sons share a bedroom with one of her nephews. Father testified that he lives with his girlfriend. The trial court's comments do not indicate that it gave "significant weight to an irrelevant factor;" instead, the trial court considered the parties' living situations as one part of its custody decision.

In issuing its ruling, the trial court emphasized that "the best interest of the children is the paramount factor." The trial court examined how the children were doing in father's custody. The evidence supports the trial court's conclusion that they are doing well.

Despite mother's arguments, a court "is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). The trial court clearly considered the children's best interests and focused on the stability that father offered them.

"Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992). Although the record shows that Elizabeth Foster is a loving and devoted parent and that Randy Foster is not without his flaws, it was for the trial court to weigh the evidence in its totality. We will not substitute our judgment for that of the trial court so long as credible evidence supports the judgment below. The evidence supports the trial court's ruling. Accordingly, the trial court did not err in awarding physical custody to father.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.