COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


SELENA ANGELA GUDINO

                                   MEMORANDUM OPINION[*]

v.       Record No. 0711-15-2                    PER CURIAM
                                          MARCH 1, 2016

DENNIS ELI GUDINO


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

(G. Brian Busey; Kyle W. K. Mooney; Hanna Abrams; Morrison &
Foerster, LLP, on briefs), for appellant.[1]

No brief for appellee.

(Louise A. Moore, on brief), Guardian *ad litem* for the minor
children.


     Selena Angela Gudino (mother) appeals a custody and visitation order. Mother argues that

the trial court erred by (1) "failing to compare whether the children's interests were better served by

living with their father or their mother, and instead only comparing their current and past living

conditions with their father;" (2) "finding that 'there is no abuse of the children nor a history of

family abuse;'" (3) "failing to consider the children's preferences;" (4) "finding that the 'relocation

of the children to Abu Dhabi will enhance the opportunities of the plaintiff [mother] for more

frequent contact with the children as well as extended periods of visitation,' but failing to award the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On December 21, 2015, mother filed a "Motion to File Documents Under Seal." She
asked the Court to allow her to file her opening brief under seal because of "confidential
testimony provided by a minor child *in camera*." On February 16, 2016, mother filed her reply
brief and another "Motion to File Documents Under Seal." The Court grants the motions and
accepts mother's briefs as filed.

children additional visitation with their mother;" and (5) "re-appointing the guardian *ad litem*, because she had an overt conflict of interest and could not objectively represent and protect the children's interests." Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Mother and Dennis Eli Gudino (father) have three minor children. On December 9, 2010, the trial court awarded mother and father joint legal custody of the children, with father having primary physical custody.[2] At the time, father and the children lived in Tokyo, Japan, and mother lived in Virginia.

On July 28, 2014, mother filed a "Motion to Re-open Custody Case" and requested an emergency hearing due to alleged abuse committed by the father. On August 14, 2014, the trial court heard evidence and argument and denied the motion.

In October 2014, father and the children moved to Abu Dhabi, United Arab Emirates. On October 31, 2014, mother filed a "Motion for Expedited Hearing to Amend Custody." Mother alleged that father did not inform her of the move and that the relocation was not in the children's best interests. On November 25, 2014, the parties appeared before the trial court, and a full hearing was scheduled for February 20, 2015. The trial court reappointed Louise A. Moore as the children's guardian *ad litem* (the GAL).

On February 20, 2015, the parties presented evidence and argument. The trial court reviewed the Code § 20-124.3 factors and ruled from the bench. It awarded joint legal custody to the parties and primary physical custody to father. It also awarded visitation to mother. On

---

[2] Mother appealed the ruling to this Court, which affirmed the trial court's decision. See Gudino v. Gudino, Record No. 0068-11-2, 2011 Va. App. LEXIS 327 (Va. Ct. App. Nov. 1, 2011).

April 8, 2015, the trial court entered an order reflecting its rulings. Mother filed a motion to reconsider, which the trial court denied. This appeal followed.

ANALYSIS

Mother argues that the trial court erred in granting father primary physical custody of the children. "In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "The trial court's determination of the child's best interests 'is a matter of discretion . . . , and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.'" Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (quoting Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d 319, 322 (1996)).

*Assignment of error #1*

Mother's first assignment of error states:

> The Circuit Court erred in its application of the best interests of the child analysis under Va. Code § 20-124.3 by failing to compare whether the children's interests were better served by living with their father or their mother, and instead only comparing their current and past living conditions with their father.

Mother contends the trial court erroneously considered this case as a relocation case, as opposed to addressing mother's motion to modify custody. She argues that the trial court should have applied the two-part test stated in Keel v. Keel, 225 Va. 606, 303 S.E.2d 917 (1983). In Keel, the Supreme Court of Virginia explained, "The test [for modifying custody] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Id. at 611, 303 S.E.2d at 921. Furthermore, mother argues that the trial court did not consider her living circumstances, but instead, focused on husband's move to Abu Dhabi.

Mother raises these arguments for the first time on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Accordingly, we will not consider mother's first assignment of error.

*Assignment of error #2*

Mother argues that the trial court erred by finding that there was no abuse or history of family abuse. Mother contends the children reported that father was hitting them with a belt, a wooden hanger, and his hand.

The trial court ordered Dr. Michele Nelson to prepare a psychological analysis of the children and parents. Dr. Nelson determined that both parents have anger management issues. Father admitted yelling at the children, but denied physically abusing them. Due to the stress of his financial situation and the ongoing litigation, father sought counseling for himself. Dr. Nelson was deeply concerned that the oldest child "has essentially become a spy for her mother" and that mother appears to be coaching the children. Dr. Nelson concluded that "the data are inconsistent and most of the significant physical abuse allegations are now years old."

The GAL also expressed concern over mother coaching the oldest child and directing her to keep information away from father. The GAL noted that both parents have anger management issues, but was encouraged that father was participating in individual and family therapy. The GAL found "many inconsistencies in the children's stories concerning physical abuse at the hands of their father." She determined that "the stories that they are relaying are the same stories presented years ago."

Code § 20-124.3 lists ten factors that a trial court must consider in "determining best interests of a child for purposes of determining custody or visitation arrangements." Factor 9 states that a court shall consider "[a]ny history of family abuse as that term is defined in

- 4 -

§ 16.1-228 or sexual abuse." Id. Code § 16.1-228 defines "family abuse" as "any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury and that is committed by a person against such person's family or household member."

The trial court had the opportunity to see and hear the witnesses.[3] It concluded that there was no abuse of the children or history of family abuse. The record supports the trial court's findings, as Dr. Nelson and the GAL reported that there were inconsistencies in the children's reports and the children appeared to be repeating incidents that occurred years earlier. Therefore, the trial court did not err in finding that there was no abuse or history of abuse.

*Assignment of error #3*

Mother argues that the trial court erred by not considering the children's preferences in determining custody. The children told the GAL and Dr. Nelson that they wished to live with their mother in Virginia. However, both Dr. Nelson and the GAL noted that the children's experiences with mother were in the summer, and not the reality of daily living.

As noted above, Code § 20-124.3 contains ten factors for a trial court to consider in determining custody and visitation. Factor 8 of Code § 20-124.3 states that a trial court should consider "[t]he reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference."

"Although a child's preference 'should be considered and given appropriate weight,' it does not control the custody determination and is just one factor to be considered." Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Bailes v. Sours, 231 Va. 96,

---

[3] "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

99, 340 S.E.2d 824, 826 (1986)); see also Brown v. Brown, 30 Va. App. 532, 539, 518 S.E.2d 336, 339 (1999). A court "is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sargent, 20 Va. App. at 702, 460 S.E.2d at 599 (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

The trial court heard about the children's preferences, but was not required to determine custody based solely on their preferences. The record supports the trial court's ruling.

*Assignment of error #4*

Mother argues that the trial court contradicted its findings that the move to Abu Dhabi was in the children's best interests because it would allow mother to have "more frequent contact;" however, the trial court did not award her more visitation. She asserts that, in fact, the trial court awarded her less visitation than that recommended by Dr. Nelson. For example, as opposed to dividing winter break, the trial court ordered that father would have the children during the entire winter break.

Contrary to mother's arguments, the trial court awarded her additional visitation. Under the April 8, 2015 order, mother visits with the children for the entire summer, except for the first five days after school and the last five days before school. There was evidence that the children's summer break in Abu Dhabi is several weeks longer than it was in Japan. In addition, the trial court ordered that mother could visit with the children in Abu Dhabi, as long as she gave father thirty days written notice, and any such additional times as agreed upon by the parties.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown, 30 Va. App. at 538, 518 S.E.2d at 338.

The trial court did not abuse its discretion and did not contradict its rulings in determining mother's visitation.

*Assignment of error #5*

Mother argues that the trial court erred in reappointing the GAL because "she had an overt conflict of interest and could not objectively represent and protect the children's interests." Mother contends the GAL had a conflict because mother had not paid in full previously incurred GAL fees and the GAL had filed a show cause action against her in the past.

It is within "the discretionary power of the court, in an appropriate case, to appoint a guardian *ad litem* to protect the best interests of a child in a contested custody hearing." Verrocchio v. Verrocchio, 16 Va. App. 314, 321, 429 S.E.2d 482, 486 (1993) (citation omitted).

In this case, the GAL has been involved in the case since April 2008 and has developed a relationship with the children. As the trial court noted, "[T]here's nobody that knows more about this case than Ms. Moore does."

During the discussion about the GAL's involvement, wife's counsel stated that he would "defer to the Court and to Ms. Moore herself, if she feels like under these circumstances she can look after the children's interest without having any negative opinion about my client, as a result of fee issues." Ms. Moore responded that she could "look after the children's interest." She stated, "So, I would just ask, in terms of what's best for the children, to have as much consistency and continuity as possible." The trial court, then, reappointed the GAL.

The record includes the GAL's report that she submitted to the trial court prior to the final hearing. The report indicates that the GAL has concerns about both parents. However, she asserts that the best interests of the children are to remain in father's primary physical custody because "the relocation from Japan to Abu Dhabi has been a positive move for the children, and all other matters related to the best interests of the children have largely remained unchanged since all prior custody awards."

Considering the GAL's extensive history with the case, as well as her assertions to the trial court that she can represent the children's best interests, the trial court did not abuse its discretion in reappointing the GAL.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.[4]  Rule 5A:27.

<u>Affirmed.</u>

---

[4] In the argument section of her brief, mother argues that the Court should remand the case to a different judge.  Since the case is not being remanded, we deny mother's request.