COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia


SABEL M. WHEELER
                                                      MEMORANDUM OPINION* BY
v.        Record No. 1945-15-4                        JUDGE MARY GRACE O'BRIEN
                                                      SEPTEMBER 27, 2016
ANDRE L. LINCOLN


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      Douglas L. Fleming, Jr., Judge

        Ryan M. Schmalzle (Beckman Schmalzle Georgelas & Ross, on
        brief), for appellant.

        John C. Whitbeck, Jr. (Whitbeck Cisneros McElroy, P.C., on brief),
        for appellee.


        Sabel Wheeler ("mother") and Andre Lincoln ("father"), who never married, are the parents

of an eight-year-old girl, S.W.  Following a custody trial, the court awarded the parents joint legal

custody, and granted father primary physical custody of S.W.  Mother appeals this decision.  She

asserts the following assignment of error:

        [t]he trial court erred in its interpretation of Virginia Code Ann.
        § 20-124.3 to the extent that the Court interpreted a statutory
        preference for primary physical custody arrangements granting a
        majority of custodial time to one parent.

Finding no error, we affirm.[1]

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Mother noted an additional assignment of error (that "[t]he trial court erred in finding that
changing the Child's custodial arrangement would provide more 'stability' for the Child") but
mother concedes that she did not preserve this assignment of error and it is therefore waived.  See
Rule 5A:18.

I.  BACKGROUND

"When reviewing a circuit court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

At the time of trial, mother was 23 years old and single, and father was a married 26-year-old man, with a six-year-old son.  S.W. was born with schizencephaly, a disease that affects her fine motor skills.  She requires constant medical care, must use a walker, and communicates by using a tablet device.  S.W. has frequent medical appointments, and attends outpatient and in-school physical therapy.  At school, S.W. has an individualized education program.

In November 2011, the Loudoun County Juvenile and Domestic Relations District Court ("the juvenile court") entered an order granting the parents joint legal and shared physical custody of S.W.  In May 2014, father filed a motion to modify that order and requested sole legal and physical custody.  Following a hearing, the juvenile court granted father sole legal custody and ruled that the parties would have a shared physical custody arrangement, with each parent spending approximately half of the time with the child.  Mother appealed to the circuit court, and requested joint legal and shared physical custody.  Father asked the court to grant him sole legal and physical custody.

At trial, the court heard testimony about S.W.'s special needs, the involvement of each parent in her life, and the difficulties that the parents have in communicating about S.W.  Mother testified that her father ("the grandfather") and his long-time girlfriend ("the grandmother") have helped her care for S.W.  Mother acknowledged that for a period of time she was living in a nearby apartment while S.W. was residing with the grandfather and grandmother.  Although mother answered an interrogatory by stating that the grandmother was S.W.'s primary caretaker, at trial mother clarified that the grandmother only cared for S.W. while mother was at work.

Father testified that he and his wife and son live with his wife's parents, and S.W. and father's son each have their own bedroom in the residence. Father's wife, who has been involved in S.W.'s life since the child was four months old, helps to care for S.W. while father is working.

Both parties explained to the court that they have had significant issues co-parenting S.W. The parents do not communicate effectively and have had disagreements regarding S.W.'s school, the pick-up and drop-off times for custodial exchanges, and various other matters.

At the conclusion of the case, the court determined that there had been a material change of circumstances since the November 2011 order. After finding that both parents were "legally fit," the court granted them joint legal custody. Before making a ruling on physical custody, the court addressed each of the factors enumerated in Code § 20-124.3. The court also opined that "stability" was an important consideration under factor ten of Code § 20-124.3. The court granted primary physical custody to father, and ordered visitation to the mother every other weekend, as well as intervening Saturdays. The court stated that its goal was to "maximize contact with the parents, while maximizing stability for [S.W.]."

## II. ANALYSIS

### A. Standard of Review

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). We have held that a trial court has "broad discretion in making the decisions necessary to guard and to foster a child's best interests." Id. at 328, 387 S.E.2d at 795; see also Yopp v. Hodges, 43 Va. App. 427, 439, 598 S.E.2d 760, 766 (2004) ("We afford great deference to the trial court's determination of what is in the best interests of the child.").

A trial court's determination of the best interests of a child is reversible only if the trial court abused its discretion. Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998).

"[A] trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Farley, 9 Va. App. at 328, 387 S.E.2d at 795. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

B. Analysis

Modification of a custody or visitation order requires a two-part analysis. First, the court must find that there has been a material change in circumstances since the most recent custody or visitation order. Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). After making that finding, the court must then determine whether a change in custody or visitation is in the best interest of the child. Id.

In determining the best interest of the child, the court is required to consider the factors enumerated in Code § 20-124.3, including such other factors as the court deems necessary and proper to the determination. However, there is no requirement that the court "quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). Likewise, the court has the discretion to allocate the weight or consideration it gives each factor and may focus on a particular factor of its choice. See Cloutier v. Queen, 35 Va. App. 413, 425, 545 S.E.2d 574, 580 (2001).

In the present case, appellant asserts that the court erred by finding that Code § 20-124.3 contains a presumption for sole physical custody, as opposed to joint physical custody. Nothing in either the court's ruling or the final order supports this contention. Instead, the court held that in certain cases, such as this one, awarding primary physical custody to one parent is in the best interest of the child.

- 4 -

The court engaged in an extensive, detailed analysis of the statutory factors enumerated in Code § 20-124.3 and explained to the parties how each factor weighed in favor of its decision to award primary physical custody to father. The court noted S.W.'s physical and developmental challenges, and considered the fact that both parents are involved with S.W. and play a positive role in her upbringing. However, the court determined, based on testimony from S.W.'s teacher, case manager, and therapist, that father was more involved in S.W.'s life and took S.W. to her medical and school appointments more often than mother. Likewise, the court noted that during some periods of time when S.W. was in her mother's custody, she was residing at her grandparents' house without her mother. The court acknowledged the importance of both mother and father's extended family's presence in S.W.'s life.

The court found that mother and father both lacked the ability to cooperate and co-parent S.W. and noted that its consideration of that factor did not militate in favor of either parent. In its ruling, the court specifically held that the factors concerning family abuse and the preference of the child were inapplicable in this case. When addressing the final element, "other factors as the court deems necessary and proper to the determination," the court noted that "[t]he, most important factor in the [c]ourt's mind, to me, and it's not a factor that cuts in favor of one parent versus another parent . . . I believe stability is the most important factor for a child." The court went on to observe that "most of the time, true shared arrangements do not . . . promote the highest level of stability for a child" and "a true shared custody arrangement would not be in [S.W.]'s best interest at this point in her life, and at this point, in the lives of her parents." However, the court found that although shared physical custody would not be in S.W.'s best interest at this time, the child would benefit from continued contact with all immediate and extended family members in her life.

Appellant contends that the court's consideration of stability constituted an impermissible preference against shared physical custody arrangements. However, the court never opined that

Code § 20-124.3 contains a statutory preference for or against shared custody. As the Supreme

Court noted in Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977),

> [a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts. Furthermore, we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.

In the present case, the court merely considered stability as another factor in determining the best

interest of the child. Here, the court found that the parties had a great deal of difficulty

communicating and co-parenting. The court also noted S.W.'s special needs when it determined

that stability was an important custody consideration. "Although the trial court must *examine* all

factors set out in Code § 20-124.3, 'it is not "required to quantify or elaborate exactly what weight

or consideration it has given to each of the statutory factors."'" Brown, 30 Va. App. at 538, 518

S.E.2d at 338 (emphasis added) (quoting Sargent, 20 Va. App. at 702, 460 S.E.2d at 599).

The court properly took into account all of the factors set forth in Code § 20-124.3 in

making its determination. It thoroughly explained its consideration of each factor to the parties.

The evidence supported the conclusions drawn by the court, and we find that the court did not abuse

its discretion in awarding primary physical custody to father.

### III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.